# EXHIBIT "A"

Douglas County Superior Court Docket

Case # 26CV02335

Party Name

CSE #

System Wide Search

Filed From / Filed To

☐ All ☐ Domestic

☐ Superior Civil ☐ Child Support

☐ State Civil ☐ Habeas Corpus

Search Clear

Please click the ⊕ / ⊖ buttons to the left of the results to expand/collapse case details

| | Case # | Case Style | Judge | Status | Filing | Disp. Date | Disp. Stage | Disp. Code | Case Type(s) |
|---|---|---|---|---|---|---|---|---|---|
| ⊖ | 26CV02335 | AMBER WALDEN V TALIA NURSE, ET AL | LAUREN WALLACE | OP | 11/11/2026 | | | | OTHER GENERAL CIVIL |

**Parties**

| Name | Party Type | Service Date | Service Type | Answer Date |
|---|---|---|---|---|
| WALDEN , AMBER D. | PLAINTIFF | | | |
| NURSE , TALIA J. | DEFENDANT | | | |
| RICKS , JUSTIN | DEFENDANT | | | |
| MICHELLE , HARRISON G. | DEFENDANT | | | |
| ADAMS , CYNTHIA C. | DEFENDANT | | | |
| JACKSON-JONES , ROMONA | DEFENDANT | | | |

**Attorneys**

| Name | Represents |
|---|---|
| WALDEN , AMBER D. | P |

**Proceedings/Events**

| Date | Court Date | Type | Image |
|---|---|---|---|
| 11/11/2026 | | CIVIL ACTION COMPLAINT | View |
| 11/11/2026 | | FORM CIVIL CASE FILING | View |
| 11/11/2026 | | SUMMONS: ADAMS, CYNTHIA C. | View |
| 11/11/2026 | | SUMMONS: JACKSON-JONES, DR. ROMONA | View |
| 11/11/2026 | | SUMMONS: MICHELLE, HARRISON G. | View |
| 11/11/2026 | | SUMMONS: NURSE, TALIA J. | View |
| 11/11/2026 | | SUMMONS: RICKS, JUSTIN | View |
| 11/11/2026 | | TO SHERIFF SHERIFF ENTRY OF SERV | No Image |
| 11/11/2026 | | TO SHERIFF SHERIFF ENTRY OF SERV | No Image |
| 11/11/2026 | | TO SHERIFF SHERIFF ENTRY OF SERV | No Image |
| 11/11/2026 | | TO SHERIFF SHERIFF ENTRY OF SERV | View |
| 11/11/2026 | | TO SHERIFF SHERIFF ENTRY OF SERV | No Image |
| 11/18/2026 | | TO SHERIFF SHERIFF ENTRY OF SERV CYNTHIA C. ADAMS | View |
| 11/18/2026 | | TO SHERIFF SHERIFF ENTRY OF SERV HARRISON G. MICHELLE | View |
| 11/18/2026 | | TO SHERIFF SHERIFF ENTRY OF SERV JUSTIN RICKS | View |
| 11/18/2026 | | TO SHERIFF SHERIFF ENTRY OF SERV ROMONA JACKSON-JONES | View |
| 11/18/2026 | | TO SHERIFF SHERIFF ENTRY OF SERV TALIA J. NURSE | View |

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
DOUGLAS COUNTY, GEORGIA
26CV02335
LAUREN WALLACE
NOV 11, 2026 03:48 PM
Annetta D. Stembridge, Clerk
Douglas County, Georgia

**IN THE SUPERIOR COURT OF DOUGLAS COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| AMBER D. WALDEN<br>Plaintiff,<br><br>v.<br><br>TALIA J. NURSE,<br>in her individual and official capacities as Associate Judge of Douglas County Juvenile Court;<br>MICHELLE G. HARRISON,<br>in her individual and official capacities as Chief Judge of Douglas County Juvenile Court;<br>CYNTHIA C. ADAMS,<br>in her individual and official capacities as Chief Judge of Douglas County Superior Court;<br>JUSTIN RICKS,<br>in his individual and official capacities as Court Administrator of Douglas County Superior Court; and<br>DOUGLAS COUNTY, Georgia,<br>Defendants. | **CIVIL ACTION COMPLAINT**<br>JURY TRIAL DEMANDED<br><br>CASE NO. ________________ |

## INTRODUCTION

### Parties

Plaintiff Amber D. Walden ("Ms. Walden" or "Plaintiff"), files this Complaint against Defendant Talia J. Nurse, who is the Associate Judge in Douglas County Juvenile Court ("Defendant Nurse"); Defendant Michelle G. Harrison, who is the Chief Judge in Douglas County Juvenile Court ("Defendant Harrison"); Cynthia C. Adams, who is the Chief Judge in Douglas County Superior Court ("Defendant Adams"); Justin Ricks, who is the Superior Court Administrator in Douglas County Superior Court ("Defendant Ricks"); Douglas County ("Defendant County"); and

collectively ("Defendants"). Ms. Walden alleges, based on her own knowledge and actions and otherwise, upon information and belief, as follows:

**Jurisdiction and Venue**

1. This civil action is filed in the Superior Court of Douglas County, State of Georgia.

2. Ms. Walden is a citizen of the United States and of the State of Georgia and is an attorney in good standing with the State Bar of Georgia.

3. Ms. Walden files this Complaint.

4. This Complaint is filed against Defendant Nurse, who at all relevant times was, an Associate Judge of the Douglas County Juvenile Court. Defendant Nurse is sued in her individual and official capacities for damages arising from her administrative and non-judicial acts, and in her official capacity for declaratory and prospective injunctive relief. At all relevant times Defendant Nurse acted under color of state law.

5. This Complaint is filed against Defendant Harrison, who at all relevant times was, the Chief Judge of the Douglas County Juvenile Court. She is sued in her individual and official capacities for damages arising from her administrative and non-judicial acts, and in her official capacity for declaratory and prospective injunctive relief. At all relevant times she acted under color of state law.

6. This Complaint is filed against Defendant Adams, who at all relevant times was, the Chief Judge of the Douglas County Superior Court. She is sued in her

individual and official capacities for damages arising from her administrative and non-judicial acts, and in her official capacity for declaratory and prospective injunctive relief. At all relevant times she acted under color of state law.

7. This Complaint is filed against Defendant Ricks, who at all relevant times was, the Superior Court Administrator of the Douglas County Superior Court, with responsibility for administering the County's contracts with court-appointed attorneys. He is sued in his individual and official capacities for damages, and declaratory and prospective injunctive relief. At all relevant times he acted under color of state law.

8. This Complaint is filed against Douglas County Board of Commissioners/Douglas County ("Defendant County"), which is a governing authority and a political subdivision of the State of Georgia. Defendant County is the entity with which Ms. Walden contracted, and it is a "person" subject to suit under 42 U.S.C. § 1983. It is sued for damages, and declaratory and prospective injunctive relief.

9. The Douglas County Board of Commissioners conducts governmental operations in Georgia and within Douglas County, and the individual Defendants reside in Georgia and/or committed the acts and omissions alleged in Georgia, including within Douglas County.

10. This is a civil rights, contract, and defamation action arising from a coordinated campaign of retaliation against Ms. Walden, an accomplished, licensed

attorney in the state of Georgia who earned a national certification as a Child Welfare Law Specialist ("CWLS") in February 2025, and who provided court-appointed legal representation to indigent parents, children, permanent guardians, and temporary custodians in the Juvenile Court of Douglas County, Georgia, under a written contract with Defendant County through the Douglas County Board of Commissioners.

11. Ms. Walden brings claims under the First and Fourteenth Amendments to the United States Constitution, enforced through 42 U.S.C. § 1983, and under 42 U.S.C. § 1981, for retaliation against her protected speech and petitioning, denial of procedural due process, and race-based unequal treatment. The aforementioned, together with supplemental claims are pleaded in the alternative, under the Georgia Whistleblower Act, O.C.G.A. § 45-1-4, Georgia labor and employment law, and Georgia contract and tort law, for breach of contract and the implied covenant of good faith and fair dealing, for tortious interference with Ms. Walden's contractual and business relations, and for defamation.

12. Ms. Walden pleads her statutory and contract claims in the alternative. Although Ms. Walden's contract ("Contract") labeled her an "independent contractor," the Defendants exercised such control over the time, location, manner, and method of her work that the Defendants treated Ms. Walden as a de facto employee in practice. (Ex. 1). Accordingly, Ms. Walden pleads her Georgia Whistleblower Act and employment-based theories on the premise that she was a

"public employee," and pleads her contract and tort theories in the alternative to the extent her status as an independent contractor is sustained.

13. This Court has subject matter jurisdiction over this civil action, which asserts claims arising under Georgia law, including the Georgia Whistleblower Act, Georgia contract law, Georgia employment and labor laws, and Georgia defamation law. In cases of actual controversy, the superior courts of this state have the power, upon appropriate pleadings, to declare the rights and legal relations of interested parties, and such declarations have the force and effect of a final judgment. O.C.G.A. § 9-4-2(a). Additionally, in any civil case in which the ends of justice so require, the superior courts have power to declare the rights and legal relations of parties, with such declarations having the force of a final judgment. O.C.G.A. § 9-4-2(b). Declaratory judgment relief is available notwithstanding the existence of other adequate legal or equitable remedies. O.C.G.A. § 9-4-2(c).

14. This Court has personal jurisdiction over all Defendants. Defendant County is a governing authority that conducts business and governmental operations within the State of Georgia and within Douglas County, Georgia, and the individual Defendants reside in Georgia and/or committed the acts and omissions alleged herein in Georgia, including within Douglas County, Georgia. An action may be against the person, or against property, or both. O.C.G.A. § 9-2-2(a). Generally, a proceeding against the person shall bind the property also. O.C.G.A. § 9-2-2(b).

15. Venue is also proper in Douglas County, Georgia as to Defendant County and the individual Defendants are sued in their official capacities with Douglas County, because official capacity claims are properly brought where the governing authority is subject to suit and conducts its operations. O.C.G.A. § 9-2-1(1). A "civil action" is an action founded on private rights, arising either from contract or tort. O.C.G.A. § 9-2-1(2).

16. Venue is proper in Douglas County, Georgia as to the individual Defendants in their individual capacities because they reside in Douglas County, Georgia and/or because a substantial part of the events or omissions giving rise to the claims occurred in Douglas County, Georgia. O.C.G.A. § 9-9-4. Under Georgia law, an "action" is the judicial means of enforcing a right. O.C.G.A. § 9-2-1(1).

17. To the extent Ms. Walden seeks declaratory and related equitable relief, venue in this Superior Court is further proper because applications to the court are to be made to the superior court of the county where venue lies. Any application to the court under this part shall be made to the superior court of the county where venue lies, unless made in a pending court action. O.C.G.A. § 9-9-4.

18. This action is properly filed and served in the manner provided for civil actions in the superior courts of this state. A proceeding seeking declaratory relief shall be filed and served as are other cases in the superior courts of this state. O.C.G.A. § 9-4-5.

19. Ms. Walden seeks compensatory and punitive damages, declaratory and injunctive relief, and attorneys' fees and costs under 42 U.S.C. § 1988, in an amount to be determined at trial

**Conditions Precedent**

20. All conditions precedent to this action have been performed or have occurred.

21. On May 5, 2026, Ms. Walden served an ante litem notice upon Defendant County byway of each member of the Board of Commissioners, as well as Defendant Ricks, Defendant Adams, Defendant Harrison, and Defendant Nurse, in compliance with O.C.G.A. § 36-11-1 and all other applicable notice requirements, identifying the parties, the time and place of the injuries, the extent of the damages claimed, and a specific monetary demand. Ms. Walden's claims under the Georgia Whistleblower Act require no pre-suit notice, but ante litem notice was nonetheless given.

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

22. Defendant Nurse has served at all relevant times as an Associate Judge of the Douglas County Juvenile Court, acted under color of state law, and is sued in her individual and official capacities.

23. Defendant Harrison has served at all relevant times as the Chief Judge of the Douglas County Juvenile Court, acted under color of state law, and is sued in her individual and official capacities.

24. Defendant Adams has served at all relevant times as the Chief Judge of the Douglas County Superior Court, acted under color of state law, and is sued in her individual and official capacities.

25. Defendant Ricks has served at all relevant times as the Superior Court Administrator of the Douglas County Superior Court with responsibility for administering Defendant County's contracts with Juvenile Court court-appointed attorneys, acted under color of state law, and is sued in his individual and official capacities.

26. Douglas County Board of Commissioners (Defendant County) is the governing authority of Douglas County, Georgia, a political subdivision of the State of Georgia.

27. On January 13, 2026, Ms. Walden executed a written "Contract for Services of an Attorney in Douglas County, Georgia" ("Contract") with Defendant County byway of the Board of Commissioners. (Ex. 1).

28. The Contract had a term effective from February 1, 2026 through December 31, 2026, and provided that it "shall renew automatically for one-year consecutive terms." (Ex. 1).

29. The Contract provided for compensation at a rate of $65,000.00 (sixty-five thousand and 00/100 dollars) per year, plus an additional $5,000.00 (five thousand and 00/100 dollars) per year, in recognition of Ms. Walden's designation as a certified CWLS, payable biweekly, beginning January 1, 2026. (Ex. 1).

30. Under the Contract, Ms. Walden agreed to provide court-appointed legal representation to parents, children, permanent guardians, and temporary custodians in dependencies, legitimations, guardianships, termination of parental rights, and related proceedings in the Juvenile Court of Douglas County, representing clients assigned to her by the Juvenile Court's Clerk's office. (Ex. 1). Ms. Walden was never at liberty to decline any of these assignments, other than in the circumstances of a legal conflict.

31. The Contract permitted Defendant County, through Defendant Ricks, to terminate the Contract, but that Defendant Ricks "will use best efforts to provide thirty (30) days written notice to the Attorney." (Ex. 1).

32. The Contract permitted removal only on defined terms. The Contract provided that Ms. Walden could "be immediately removed as a contracted Attorney and his/her rights hereunder terminated for good cause," defined as "a failure to comply with the terms of this contract to an extent that the delivery of services is impaired, inadequate, not in compliance with best practice standards, or rendered impossible," or on the recommendation of Defendant Ricks "after no less than three (3) complaints against the Attorney." (Ex. 1).

33. The Contract established a mandatory three-step "Complaint Protocol" before removal on the basis of complaints: (a) upon a first complaint, Defendant Ricks "will e-mail a summary of the complaint to the Attorney"; (b) upon a second complaint, Defendant Ricks "will e-mail a formal letter with the nature of the

complaint to the Attorney"; and (c) only upon a third complaint, and only "upon substantiation of the alleged complaints," could Defendant Ricks recommend Ms. Walden's removal to the Board of Commissioners. (Ex. 1).

34. In her capacity as a citizen and employee of Defendant County, state of Georgia, on December 17, 2024, Ms. Walden spoke during the public comments portion of a meeting of the Douglas County Board of Commissioners and addressed matters of public concern, including the fairness and discriminatory administration of Defendant Nurse and Defendant Harrison's system of court-appointed representation, and the retaliatory treatment of attorneys who zealously advocate for their clients in Douglas County Juvenile Court. In her remarks, Ms. Walden addressed prior retaliatory efforts by Defendant Harrison and court administrative staff to terminate or decline to renew Ms. Walden's contract. Ms. Walden stated that the proposed non-renewal of her contract was not based on her performance, and she publicly expressed her concern that it may have resulted from racial discrimination and/or from favoritism toward other contract attorneys who do not challenge the court on behalf of their clients, even where such advocacy is warranted.

35. In performing her contractual duties, Ms. Walden regularly appeared before Defendant Nurse and Defendant Harrison of the Douglas County Juvenile Court, and Ms. Walden filed motions on behalf of her clients, made objections to the judges'

rulings on the record, and pursued appellate review of rulings adverse to Ms. Walden's clients when warranted.

36. Over the course of several years, Ms. Walden repeatedly exercised her rights to petition the courts and to speak on matters of public concern in the course of representing her clients and in reporting misconduct within the Douglas County Juvenile Court system, and reporting that the retaliation from the Defendant Nurse, Defendant Harrison, Defendant Ricks, Defendant Adams were consistent and ongoing, culminating with retaliatory actions taken by the Defendants between February 27, 2026 and March 27, 2026, including Defendant Nurse's "Standing Recusal Order" (Ex. 2) and Defendant Harrison's removal of all of Ms. Walden's cases and cessation of case assignment due, in part, to Defendant Adams' memo/letter, dated March 24, 2026. (Ex. 3).

37. On June 27, 2022, on behalf of a client (mother), Ms. Walden filed an appeal in the Georgia Court of Appeals challenging Defendant Nurse's ruling to grant the Department of Family and Children Services' request to cease reunification services to Ms. Walden's client.

38. On November 28, 2022, on behalf of a client (mother), Ms. Walden filed an appeal in the Georgia Court of Appeals challenging, among other errors, Defendant Nurse's ruling to adjudicate Ms. Walden's client's actions as abuse or neglect against her children without stating how Ms. Walden's client was unfit to parent or

affording Ms. Walden's client her due process right to notice of the specific allegations upon which Defendant Nurse based her rulings.

39. Upon remand from the Georgia Court of Appeals, on September 6, 2023, Ms. Walden appealed again, asserting essentially that the same errors existed as in the November 2022 appeal.

40. On June 23, 2025, on behalf of a client (father), Ms. Walden filed an appeal in the Georgia Court of Appeals challenging Defendant Nurse's imposition of inapposite services and reunification goals mandated for Ms. Walden's client to complete, and Defendant Nurse's denial of Ms. Walden's client's request for return of custody of his children and closure of his dependency case.

41. On September 2, 2025, on behalf of a client (mother), Ms. Walden filed an appeal in the Georgia Court of Appeals challenging Defendant Nurse's denial of Ms. Walden's request for a continuance of the proceeding when her client was not present and the resulting violation of Ms. Walden's client's due process right to effective assistance of counsel and her client's right to be present and heard at the trial.

42. On or about February 10, 2026, on behalf of the client in the due course of litigation, Ms. Walden served Defendant Nurse with a subpoena to appear for a virtual hearing in the event her testimony would be needed as it related to her previous representation of Ms. Walden's client.

43. On February 27, 2026, Defendant Nurse filed and caused to have widely disseminated her "Standing Recusal Order," attaching a memorandum she solicited from the JQC, recusing herself from all of Ms. Walden's cases, stating "Ms. Walden has created at the very least the potential for the appearance of partiality or bias in all cases before me in which she is counsel." (Ex. 2).

44. On March 4, 2026, Defendant Nurse presided over a hearing for one of Ms. Walden's cases.

45. On March 7, 2026, Ms. Walden submitted a written complaint to Defendant County byway of the Board of Commissioners, Defendant Adams, and Defendant Ricks, notifying them of Defendant Nurse's issuance of Defendant Nurse's "Standing Recusal Order" (Ex. 2) and Defendant Nurse's violation of said order by presiding over Ms. Walden's March 4, 2026 hearing, and requesting an investigation of Defendant Nurse by the appropriate offices.

46. Beginning on or about March 8, 2026, Defendant Nurse signed several outstanding proposed orders recently submitted by opposing counsel in various cases and entered them without providing Ms. Walden the customary five-day opportunity to review the proposed orders for accuracy or suggest revisions.

47. In the wake of all of this, Defendant Ricks and Defendant Harrison sought to terminate Ms. Walden's contract on at least one occasion.

48. On March 24, 2026, Defendant Adams issued a memorandum to Ms. Walden proposing that all cases currently assigned to Ms. Walden be evenly distributed to

other contract attorneys and that the Juvenile Court Clerk discontinue assigning cases to Ms. Walden. (Ex. 3).

49. Between March 25 and 27, 2026, Defendant Harrison signed and entered orders removing Ms. Walden from all of her Juvenile Court cases.

50. At least one order entered referenced the letter and memorandum by Defendant Adams as grounds to re-set a hearing and/or removing Ms. Walden from her cases.

51. On March 30, 2026, Ms. Walden submitted a follow-up letter to the County Administrator, Assistant County Administrator, and the Board of Commissioners, advising of ongoing retaliation in violation of the Georgia Whistleblower Act and the First Amendment, requesting an investigation of the Judicial Defendants, and seeking direction on how to proceed. Ms. Walden copied Defendants Nurse, Harrison, Ricks, and Adams, and Director Courtney Veal of the JQC. Defendant County did not respond, nor did any other Defendant.

52. On May 5, 2026, Ms. Walden served an ante litem notice pursuant to O.C.G.A. § 36-11-1 upon the Douglas County Board of Commissioners, the County Administrator, and the other Defendants, satisfying all conditions precedent to suit against the Defendants.

53. Ms. Walden alleges intentional infliction of emotional distress by Defendant Nurse for the February 27, 2026 filing, and mass distribution of Defendant Nurse's Standing Recusal Order and JQC letter, and alleges lost future compensation due to

her Standing Recusal Order and Defendants' subsequent refusal to assign her new cases. (Ex. 2).

## DECLARATORY JUDGMENT ALLEGATIONS

54. In cases of actual controversy, Georgia superior courts may declare the rights and legal relations of interested parties, with such declarations having the force and effect of a final judgment.

55. In any civil case in which the ends of justice require, superior courts have the power to declare the rights and legal relations of parties, with such declarations having the force of a final judgment.

56. Declaratory judgment relief is available notwithstanding the existence of other adequate legal or equitable remedies.

57. A proceeding seeking declaratory relief shall be filed and served as other cases in the superior courts of this state.

## CAUSES OF ACTION

### COUNT ONE
**First Amendment Retaliation—Freedom of Speech (42 U.S.C. § 1983)**
**(Claims Against Defendants Nurse, Harrison, Adams, and Ricks)**

58. Ms. Walden re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

59. Plaintiff asserts a claim for First Amendment retaliation under 42 U.S.C. § 1983 against Defendants Nurse, Harrison, Adams, and Ricks.

60. The First Amendment, applicable to the states through the Fourteenth Amendment and enforceable under 42 U.S.C. § 1983, protects the right to free speech and the right to petition the government for redress of grievances, including the right of access to the courts. These protections extend to independent government contractors, who may not be subjected to the termination or non-renewal of an at-will government contract in retaliation for the contractor's carrying out protected speech, such as petitioning or speaking on a matter of public concern, as an exercise of the freedom of speech.

61. Each of these Defendants acted under color of state law at all relevant times.

62. This claim seeks damages and equitable relief for retaliation against Plaintiff's protected speech and petitioning.

**COUNT TWO**
**Fourteenth Amendment—Procedural Due Process (42 U.S.C. § 1983)**
**(Claims Against Defendants Harrison, Adams, Ricks, and County)**

63. Ms. Walden re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

64. The Fourteenth Amendment prohibits any state actor from depriving a person of property without due process of law.

65. Ms. Walden possessed a constitutionally protected property interest in her continued engagement under the Contract, which permitted her removal for "good cause" and only after the mandatory three-step Complaint Protocol, and which required best efforts to provide thirty days' written notice of termination.

66. Ms. Walden also possessed a constitutionally protected liberty interest in her professional reputation and in her ability to pursue her chosen occupation—representing indigent parents and children in Douglas County and throughout the state of Georgia.

67. The Defendants' issuance and mass dissemination of the "Standing Recusal Order" and attached materials, which impugned Ms. Walden's professional integrity, coupled with her removal from all cases, imposed a stigma that foreclosed opportunities and negatively altered her professional status. (Ex. 2).

68. As a direct and proximate result, Ms. Walden has suffered the injuries alleged above, including loss of income, loss of professional opportunities, harm to her reputation, and emotional distress, and she is entitled to compensatory damages, punitive damages against the individual Defendants in their individual capacities, declaratory and injunctive relief, and attorney's fees and costs under 42 U.S.C. § 1988 against Defendants Harrison, Adams, Ricks, and Defendant County.

69. Ms. Walden lacks an adequate remedy at law for the continuing deprivation and is entitled to declaratory and injunctive relief, in addition to damages.

70. Each individual Defendant acted under color of state law at all relevant times.

**COUNT THREE**
**Municipal Liability (42 U.S.C. § 1983)**
**(Claims Against Defendant County)**

71. Ms. Walden re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

72. A municipality is liable under 42 U.S.C. § 1983 (O.C.G.A. § 20-2-270) where the execution of its official policy or custom, or a decision by an official with final policymaking authority for the municipality with respect to the challenged action, causes a deprivation of federal rights. *McDonough v. Mata*, 489 F. Supp. 3d 1347 (S.D. Fla. 2020). Municipal liability may attach for a single decision by an official who possesses final authority to establish municipal policy with respect to the action, or where a final policymaker ratifies a subordinate's unconstitutional decision. *McDonough v. Mata*, 489 F. Supp. 3d 1347 (S.D. Fla. 2020).

73. The Douglas County Board of Commissioners is the entity that contracted with Ms. Walden and that possesses final authority over the County's contracts with court-appointed attorneys, including the decision whether to retain or terminate such contracts.

74. As a direct and proximate result of Defendant County's actions or failures to act, Ms. Walden has suffered damages and is entitled to compensatory relief and to declaratory and injunctive relief against the Board.

## COUNT FOUR
## Equal Protection (42 U.S.C. §§ 1983 and 1981)
## (Claims Against Defendant County and Each Individual Defendant in their official capacities)

75. Ms. Walden re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

76. The Equal Protection Clause of the Fourteenth Amendment prohibits intentional discrimination on the basis of race, and 42 U.S.C. § 1981 guarantees all persons the same right to make and enforce contracts as is enjoyed by white citizens, free of racial discrimination, and protects against retaliation for opposing such discrimination.

77. Ms. Walden alleges, on information and belief, that the Defendants subjected her to materially less favorable treatment than similarly situated contract attorneys, including by removing her from all of her cases and barring her from future assignments, and that race was a motivating factor in that disparate treatment and in the attempted non-renewal of her engagement.

78. The Defendants acted under color of state law and with discriminatory and retaliatory intent.

79. As a direct and proximate result, Ms. Walden has suffered the injuries alleged above and is entitled to compensatory damages, punitive damages against the individual Defendants in their individual capacities, equitable relief, and attorney's fees and costs under 42 U.S.C. § 1988 (O.C.G.A. § 20-2-270).

**COUNT FIVE**
**Pleaded in the Alternative**
**Violations of the Georgia Whistleblower Act (O.C.G.A. § 45-1-4)**
**(Claims Against Defendant County and**
**Each Individual Defendant in their official capacities)**

80. Ms. Walden re-alleges and incorporates by reference paragraphs 1 through 58 as if fully set forth herein.

81. The Georgia Whistleblower Act prohibits a public employer from retaliating against a public employee for disclosing "a violation of or noncompliance with a law, rule, or regulation to either a supervisor or a government agency," or for objecting to or refusing to participate in an activity the employee reasonably believes to be unlawful. (O.C.G.A. § 45-1-4). The Act defines "public employer" to include any local or regional governmental entity that receives funds from the State of Georgia, and it applies to all public employees, whether at the state, county, or municipal level. (O.C.G.A. § 45-1-4); *West v. City of Albany*, 300 Ga. 743, 797 S.E.2d 809 (2017).

82. Defendant County is a "public employer" within the meaning of the Act. (O.C.G.A. § 45-1-4); *West v. City of Albany*, 300 Ga. 743, 797 S.E.2d 809 (2017). Although the Contract labeled Ms. Walden an independent contractor, the Defendants exercised such pervasive control over the manner, means, timing, and location of her work, and so integrated her into the Juvenile Court's operations, that she was a "public employee" for purposes of the Act.

83. Defendant County exercised such control over the manner, timing, and integration of Ms. Walden's work—dictating when and how she consulted with clients, when she reviewed files, her availability, her reporting obligations, and her training—that she was treated as a public employee for purposes of the Act, notwithstanding the contract's "independent contractor" label.

84. Ms. Walden suffered adverse actions, including removal from all of her cases, cessation of case assignments, and effective termination of her Contract. A causal connection exists between Ms. Walden's protected activities of her statements, disclosures, objections, and appeals, as evidenced by the close temporal proximity to the statements of the decisionmakers, the deviation from Defendant County's established removal procedures, deviation from and the disproportionate and atypical nature of the Defendants' response, and the overall disparate treatment of Ms. Walden. Causation is shown where the decisionmaker was aware of the protected disclosure and the disclosure and adverse action were not wholly unrelated. *Forrester v. Georgia Dep't of Hum. Servs.*, 308 Ga. App. 716, 708 S.E.2d 660 (2011).

85. Ms. Walden is entitled to the relief authorized by O.C.G.A. § 45-1-4(e), including an injunction restraining continued violation, compensation for lost wages, benefits, and other remuneration, other compensatory damages, and reasonable attorney's fees, court costs, and expenses. (O.C.G.A § 45-1-4).

**COUNT SIX**
**Pleaded in the Alternative**
**Retaliation and Denial of Employee Protections Under Georgia Labor and Employment Law (42 U.S.C. §§ 1983 and 1981)**
**(Claim Against Defendant County)**

86. Ms. Walden re-alleges and incorporates by reference paragraphs 1 through 58, as if fully set forth herein.

87. To the extent Ms. Walden is determined to have been treated as an employee of Defendant County rather than an independent contractor—a determination governed by the economic reality of the relationship and the Defendant County's right to control the time, manner, and method of her work, and not by the Contract's label—she was entitled to the protections afforded employees under Georgia labor and employment law.

88. Defendant County, acting through its officials, subjected Ms. Walden to adverse employment action, including the effective and constructive termination of her employment, by removing her from all of her cases, refusing to assign her any further work, and deliberately rendering the continuation of her employment impossible, in retaliation for Ms. Walden's protected activities of her statements, disclosures, objections, and appeals and without adherence to any lawful or contractual process.

89. As a direct and proximate result, Ms. Walden has suffered lost wages and benefits, harm to her professional reputation, emotional distress, and other

damages, and is entitled to all remedies available under Georgia labor and employment law, including reinstatement and back pay.

**COUNT SEVEN**
**Pleaded in the Alternative**
**Breach of Contract**
**(Claims Against Defendant County)**

90. Ms. Walden re-alleges and incorporates by reference paragraphs 1 through 58, as if fully set forth herein.

91. This Count is pleaded in the alternative to the extent Ms. Walden is determined to be an independent contractor rather than a public employee.

92. Ms. Walden's contract with Defendant County is a valid and binding agreement. Ms. Walden sufficiently performed her obligations under the Contract.

93. Sovereign immunity does not bar this claim, because the Georgia Constitution waives the county's sovereign immunity for actions ex contractu for the breach of a written contract. *Layer v. Barrow Cnty.*, 297 Ga. 871, 778 S.E.2d 156 (2015).

94. Defendant County breached the Contract by removing Ms. Walden from all of her assigned cases, ceasing to assign her any cases, and effectively terminating her engagement (a) without the requisite "good cause," (b) without following the mandatory three-step Complaint Protocol, and (c) without the thirty days' written notice the Contract required.

95. As a direct and proximate result of Defendant County's breach, Ms. Walden has suffered damages, including lost compensation under the Contract, in an

amount to be proven at trial, together with all damages recoverable under Georgia law.

**COUNT EIGHT**
**Pleaded in the Alternative**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**
**(Claims Against Defendant County)**

96. Ms. Walden re-alleges and incorporates by reference paragraphs 1 through 58, as if fully set forth herein.

97. Every contract in Georgia contains an implied covenant of good faith and fair dealing governing the manner in which the parties perform and enforce the contract. *Onbrand Media v. Codex Consulting, Inc.*, 301 Ga. App. 141, 687 S.E.2d 168 (2009).

98. Defendant County breached the implied covenant by exercising its discretion under the Contract in bad faith and for a pretextual and retaliatory purpose—invoking “good cause” and administrative “conflict” as a pretext to remove Ms. Walden from all cases and cease her assignments in retaliation for her protected activity—thereby depriving Ms. Walden of the benefit of her bargain.

99. This Count is pleaded in connection with, and as a modification of, the contractual obligations set forth in **Count Seven**, and not as an independent basis for liability apart from the Contract. *Onbrand Media v. Codex Consulting, Inc.*, 301 Ga. App. 141, 687 S.E.2d 168 (2009).

100. As a direct and proximate result, Ms. Walden has suffered damages in an amount to be proven at trial.

**COUNT NINE**
**Pleaded in the Alternative**
**Promissory Estoppel**
**(Against Defendant County)**

101. Ms. Walden re-alleges and incorporates by reference paragraphs 1 through 58, as if fully set forth herein.

102. Plaintiff pleads promissory estoppel in the alternative, alleging the Defendant County's promises of a defined contract term with automatic renewals, case assignments, and compensation induced Plaintiff's performance and forbearance of other work or employment, and that damages are necessary to avoid injustice.

**COUNT TEN**
**Pleaded in the Alternative**
**Tortious Interference with Contractual and Business Relations**
**(Claims Against Defendants Nurse, Harrison, Adams, and Ricks)**

103. Ms. Walden re-alleges and incorporates by reference paragraphs 1 through 58, as if fully set forth herein.

104. This Count is pleaded in the alternative and against the individual Defendants in their individual capacities.

105. Ms. Walden had a valid contract with the Board of Commissioners and valuable business and professional relationships arising from her appointments in the Douglas County Juvenile Court.

106. Defendants Nurse, Harrison, Adams, and Ricks knew of Ms. Walden's Contract and business relationships.

107. To establish tortious interference, a plaintiff must show improper action or wrongful conduct by the defendant without privilege; that the defendant acted purposely and with malice with intent to injure; that the defendant induced a breach or caused a party or third party to discontinue or fail to continue a relationship with the plaintiff; and that the conduct proximately caused the plaintiff damage. *Onbrand Media v. Codex Consulting, Inc.*, 301 Ga. App. 141, 687 S.E.2d 168 (2009); *Atlanta Mkt. Ctr. Mgmt., Co. v. McLane*, 269 Ga. 604, 503 S.E.2d 278 (1998).

108. The individual Defendants are strangers to the Contract between Ms. Walden and Defendant County. The Contract is between Ms. Walden and the county's governing authority, and the other Defendants are officers of a separate branch of state government who were neither parties to, beneficiaries of, nor possessed a direct economic interest in that Contract. *Atlanta Mkt. Ctr. Mgmt., Co. v. McLane*, 269 Ga. 604, 503 S.E.2d 278 (1998)

109. Acting outside the scope of any legitimate authority, and with malice and intent to injure and without privilege, and for the improper purpose of retaliating against Ms. Walden for her protected activity, the individual Defendants induced and procured the reassignment of Ms. Walden's cases, and the cessation of her case assignments, thereby interfering with and/or causing the effective termination of her contract and with her existing and prospective business relationships with her clients and with Defendant County.

110. As a direct and proximate result of this wrongful interference, Ms. Walden has suffered damages, including lost income and loss of professional opportunities, in an amount to be proven at trial, and, because the Defendants acted with actual malice and intent to injure, she is entitled to compensatory and punitive damages. *Murphy v. Bajjani*, 282 Ga. 197, 647 S.E.2d 54 (2007).

**COUNT ELEVEN**
**Defamation (Libel Per Se) O.C.G.A. § 51-5-1**
**(Claim Against Defendant Nurse in her individual capacity)**

111. Ms. Walden re-alleges and incorporates by reference paragraphs 1 through 58, as if fully set forth herein.

112. A claim for defamation under Georgia law requires (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm. *Am. C.L. Union, Inc. v. Zeh*, 312 Ga. 647, 864 S.E.2d 422 (2021). Statements that tend to injure a person in her trade, profession, or office are libelous per se, and damages are inferred. *Smith v. DiFrancesco*, 341 Ga. App. 786, 802 S.E.2d 69 (2017).

113. Defendant Nurse made and caused to be published, via gratuitous mass-distribution and republication, false and defamatory written statements concerning Ms. Walden in her "Standing Recusal Order" and the attached materials, including statements charging or implying that Ms. Walden had made baseless or improper

allegations against a sitting judge and had created an "appearance of partiality or bias." (Ex. 2).

114. In the "Standing Recusal Order" and the materials, Defendant Nurse caused to be disseminated to approximately twenty-three persons, false and disparaging written statements concerning Ms. Walden's professional conduct and integrity. (Ex. 2). These statements impugned Ms. Walden's competence and integrity in the practice of law and are defamatory per se as to her profession. *Smith v. DiFrancesco*, 341 Ga. App. 786, 802 S.E.2d 69 (2017).

115. Defendant Nurse caused the statements to be communicated to third parties by disseminating the "Standing Recusal Order" (Ex. 2) and attached a JQC letter/opinion by electronic mail to at least eighteen persons with no involvement in the underlying matters. *Smith v. DiFrancesco*, 341 Ga. App. 786, 802 S.E.2d 69 (2017).

116. The statements contained in Defendant Nurse's Standing Recusal Order were false, were published to third parties without privilege, and tended to injure Ms. Walden in her profession, and as a direct and proximate result of the publication, Ms. Walden has suffered injury to her professional reputation, humiliation, and emotional distress, and is entitled to general and special damages, and, because the statements were made with actual malice, Ms. Walden is entitled to punitive damages.

**COUNT TWELVE**
**Intentional Infliction of Emotional Distress**
**(Claims Against Defendant Nurse in her individual capacity)**

117. Ms. Walden re-alleges and incorporates by reference paragraphs 1 through 58, as if fully set forth herein.

118. Ms. Walden alleges intentional infliction of emotional distress arising from the February 27, 2026 filing and mass distribution of Defendant Nurse's Standing Recusal Order and JQC letter, and seeks compensatory damages for severe emotional distress and punitive damages as allowed by law. (Ex. 2).

**COUNT THIRTEEN**
**Negligence/Negligent Mismanagement of Contractual Relations**
**(Claims Against Defendant County)**

119. Ms. Walden re-alleges and incorporates by reference paragraphs 1 through 58, as if fully set forth herein.

120. Defendant County owed duties arising from the complaint protocol and removal process to manage Plaintiff's contract and assignments with reasonable care.

121. When the law requires a person to perform an act for the benefit of another or refrain from acts that may injure another, breach of that legal duty with resulting damage is actionable.

122. Plaintiff alleges the Defendant County owed duties arising from the complaint protocol and removal process to manage Plaintiff's contract and

assignments with reasonable care and breached those duties by failing to follow the contractual process and standards, proximately causing damages.

123. By failing to follow the contractual process and standards, Defendant County breached duties owed to Plaintiff, proximately causing her damages.

**COUNT FOURTEEN**
**Declaratory and Injunctive Relief**
**(Claims Against All Defendants as Allowed by Law)**

124. Ms. Walden re-alleges and incorporates by reference paragraphs 1 through 58, as if fully set forth herein.

125. Plaintiff seeks equitable and injunctive relief, including removal of retaliatory statements and vacatur and reissuance of Defendant Nurse's Standing Recusal Order, and immediate injunctive relief to prevent any ongoing harm from the continued retaliation and the continuing effects of the Standing Recusal Order. (Ex. 2).

**PRAYERS FOR RELIEF**

126. Relief Requested for Count One (First Amendment Retaliation): Ms. Walden requests declarations that Defendants' conduct violated her First Amendment rights, preliminary and permanent injunctive relief against Defendants Nurse, Harrison, Adams, and Ricks in their official capacities prohibiting further retaliation; addressing the Standing Recusal Order by entering preliminary and permanent injunctive relief against Defendants Nurse, Harrison, Adams, and Ricks in their official capacities, requiring vacatur or amendment of Defendant Nurse's

February 27, 2026 "Standing Recusal Order," and directing the removal of disparaging notations concerning Ms. Walden from the superior and juvenile courts' records; additionally, compensatory damages, punitive damages against the individual Defendants, and attorneys' fees, litigation expenses, and costs under 42 U.S.C. § 1988, together with pre- and post-judgment interest, in an amount to be determined at trial, and such other relief as the Court deems just and proper.

127. <u>Relief Requested for Count Two (Procedural Due Process):</u> Ms. Walden requests declarations that Defendants' conduct violated her Fourteenth Amendment procedural due process rights, appropriate injunctive relief, compensatory damages, punitive damages against the individual Defendants, attorneys' fees, litigation expenses, and costs, pre- and post-judgment interest, in an amount to be determined at trial, and other just and proper relief.

128. <u>Relief Requested for Count Three (Municipal Liability):</u> Ms. Walden requests appropriate declaratory relief based on Defendant County's alleged final authority over court-appointed attorney contracts and Defendant County's alleged actions or failures to act, and judgment against Defendant County for compensatory damages, appropriate declaratory and injunctive relief, attorneys' fees, litigation expenses, and costs, pre- and post-judgment interest, in an amount to be determined at trial, and other just and proper relief.

129. <u>Relief Requested for Count Four (Equal Protection):</u> Ms. Walden requests declarations that Defendants' conduct violated the Equal Protection Clause and 42

U.S.C. § 1981, injunctive relief against further violations, compensatory damages, punitive damages against the individual Defendants, attorneys' fees under 42 U.S.C. § 1988, litigation expenses, and costs, pre- and post-judgment interest, in an amount to be determined at trial, and other just and proper relief.

130. Relief Requested for Count Five (Georgia Whistleblower Act—Alternative): Ms. Walden requests judgment against Defendant County and the individual Defendants in their official capacities for appropriate prospective relief, injunction restraining continued violation, general damages, compensation for lost wages, benefits, and other remuneration, other compensatory damages, reasonable attorney's fees, court costs, and expenses, in an amount to be determined at trial, and other just and proper relief.

131. Relief Requested for Count Six (Georgia Labor and Employment—Alternative): Ms. Walden requests judgment against Defendant County for appropriate injunctive and monetary relief, including general damages, compensation for losses, attorneys' fees, litigation expenses, costs, pre- and post-judgment interest, in an amount to be determined at trial, and other just and proper relief.

132. Relief Requested for Count Seven (Breach of Contract—Alternative): Ms. Walden requests judgment against Defendant County for general damages, compensatory damages including lost compensation under the Contract, attorneys'

fees, litigation expenses, costs, pre- and post-judgment interest, in an amount to be determined at trial, and other just and proper relief.

133. Relief Requested for Count Eight (Implied Covenant—Alternative): Ms. Walden requests judgment against Defendant County for general damages, compensatory damages, equitable relief as appropriate, attorneys' fees, litigation expenses, costs, pre- and post-judgment interest, in an amount to be determined at trial, and other just and proper relief.

134. Relief Requested for Count Nine (Promissory Estoppel – Alternative): Ms. Walden requests judgment against Defendant County for general damages, compensatory damages, equitable relief as appropriate, attorneys' fees, litigation expenses, costs, pre- and post-judgment interest, in an amount to be determined at trial, and other just and proper relief.

135. Relief Requested for Count Ten (Tortious Interference—Alternative): Ms. Walden requests judgment against Defendants Nurse, Harrison, Adams, and Ricks for general damages, compensatory and punitive damages, attorneys' fees, litigation expenses, costs, pre- and post-judgment interest, in an amount to be determined at trial, and other just and proper relief.

136. Relief Requested for Count Eleven (Defamation): Ms. Walden requests judgment against Defendant Nurse in her individual capacity for general, special, and punitive damages, attorneys' fees, litigation expenses, costs, pre- and

post-judgment interest, in an amount to be determined at trial, and other just and proper relief.

137. Relief Requested for Count Twelve (Intentional Infliction of Emotional Distress): Ms. Walden requests judgment against Defendant Nurse in her individual capacity for general, special, and punitive damages, attorneys' fees, litigation expenses, costs, pre- and post-judgment interest, in an amount to be determined at trial, and other just and proper relief.

138. Relief Requested for Count Thirteen (Negligence/Negligent Mismanagement): Ms. Walden requests judgment against Defendant County for general damages, compensatory damages, equitable relief as appropriate, attorneys' fees, litigation expenses, costs, pre- and post-judgment interest, in an amount to be determined at trial, and other just and proper relief.

139. Relief Requested for Count Fourteen (Declaratory and Injunctive Relief): Plaintiff seeks equitable and injunctive relief, including removal of retaliatory statements and vacatur and reissuance of Defendant Nurse's Standing Recusal Order, and immediate injunctive relief to prevent ongoing harm from the continued retaliation and the continuing effects of Defendant Nurse's Standing Recusal Order.

140. General and Overall Relief: Ms. Walden requests that the Court assume jurisdiction over this action, enter such additional declaratory, injunctive, legal, and equitable relief as necessary to effectuate the Court's judgments, award reasonable attorneys' fees, litigation expenses, and costs as authorized by law, in an amount to

be determined at trial, and grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

**Verification**

I, Amber D. Walden, being duly sworn, depose and state that I am the Plaintiff in the foregoing action and that the facts contained in the Complaint are true and correct to the best of my knowledge, information, and belief.

Respectfully submitted this 11 day of November, 2026.

/s/ *Amber D. Walden*

Amber D. Walden
GA Bar No. 141582
**THE WALDEN LAW FIRM, LLC**
2870 Peachtree Road NW, #877
Atlanta, GA 30305
Tel: (404) 360-7212
Em: amber@thewaldenlawfirm.com

STATE OF GEORGIA
COUNTY OF DOUGLAS

CONTRACT FOR SERVICES OF AN ATTORNEY
IN DOUGLAS COUNTY, GEORGIA

This contract is made and entered into by and between the Douglas County Board of Commissioners for Douglas County, Georgia, a county existing under the laws of the State of Georgia (hereinafter referred to as "County") and Amber Walden, (hereinafter referred to as "Attorney"), located at 2870 Peachtree Road, NW, #877, Atlanta, Georgia 30305.

WITNESSETH

WHEREAS the County and the Douglas County Superior Court Administrator agree that court-appointed legal representation in Douglas County Juvenile Court be contracted through one or more attorneys, and;

WHEREAS the above-named attorney has indicated his/her interest in contracting with the County to provide court-appointed legal representation and to accept cases from Juvenile Court (hereinafter referred to as "Court"), therefore,

The parties agree as follows:

1.

It is specifically covenanted and agreed that the Attorney shall be and shall act as an independent contractor and neither the Attorney nor any of the Attorney's employees shall be deemed employees of the County for any purpose whatsoever. The County is interested only in the result of this contract and will not manage the manner in which the Attorney performs hereunder, except that said performance shall be consistent with the National Association of Counsel for Children Recommendations for Legal Representation of Children and Youth in Neglect and Abuse Proceedings, American Bar Association Standards of Practice for Attorneys Representing Parents in Abuse and Neglect Cases, Uniform Representation of Children In Abuse, Neglect, and Custody Proceedings Act, the National Juvenile Defense Standards, O.C.G.A. § 15-11-103-5, Georgia Rules of Professional Conduct, and any other recognized standards provided by the National Council for Juvenile and Family Court Judges (NCJFCJ).

The above-named Attorney is contracted to represent parents, children, or custodians, and shall comply with the following, at a minimum:

1. The Attorney shall make every effort to meet and/or confer with the client in-person or virtually at least 24 hours before each hearing.

2. The Attorney shall be prepared for and appear for all Court hearings. If the Attorney is not available a legal conflict letter must be timely filed or the Attorney is responsible for finding an appropriate substitute attorney with adequate skill and training to provide legal representation in his or her absence.

3. The Attorney shall notify the Clerk and Deputy Clerks of the method by which the Attorney is to receive copies of pleadings such as complaints and petitions at the time of appointment.

4. The Attorney shall review the file for each case prior to the initial court date. This Court utilizes the best practice of "early appointment" in order to avoid unnecessary continuances. When an appointment is made at or before a preliminary protective hearing, the Attorney shall review the file prior to the 10-day adjudicatory hearing.

5. The Attorney shall be responsible for notifying the client immediately upon the filing of any motions, conflict letters, and the scheduling of any hearing date.

6. The Attorney shall notify the Court of any leave of absence for vacation sixty (60) days prior to the vacation. The Attorney shall notify the Court of leave of absences for education or medical treatment seven (7) days prior to the date of the leave. Should a leave of absence be requested for a 30 day or more time frame, the requesting Attorney shall find an approved Attorney to cover for any cases that cannot be reset. It shall be the contracted Attorney's responsibility to pay for the substituted counsel's assistance and representation.

7. The Attorney shall review the Court's policy for continuances with each client to explain that a continuance may be granted only upon a showing of good cause. Sufficient justification for a continuance may include, but is not limited to, documented medical emergencies, conflicts with criminal jury trial calendars, unavailability of expert witnesses, and client not produced from jail. Proof of reason for continuance shall be provided upon request.

8. The Attorney shall review the case plan with the client prior to the disposition hearing and prior to each review hearing to ensure parental compliance with the case plan.

9. The Attorney shall instruct the client of supporting documentation required at each hearing to establish proof of compliance with court orders and/or case plans.

10. The Attorney shall review evaluations, assessments and reports at least 24 hours prior to each hearing.

11. The Attorney shall give priority to Douglas County Juvenile Court contract work and be available on scheduled court dates. Conflict letters must be timely filed to afford the Court an opportunity to resolve the Attorney's appearance in this Juvenile Court. Excessive conflicts or other undocumented unavailability shall be a basis for termination of the contract.

12. The Child Attorney shall represent children or serve as Guardian Ad Litem as directed in the order of appointment. If the Attorney represents the child, the appointment shall carry over in dependency, child in need of services (CHINS), and delinquency cases involving the same child to ensure consistent representation. Delinquent and CHINS cases are billed separately consistent with the rates permitted for indigent defense.

13. The Attorney shall prepare orders within thirty (30) days of a hearing date when the Attorney has brought a motion and received a ruling, represents the Petitioner, or is otherwise directed by the Court to prepare an order. Failure to submit orders in a timely manner is grounds for termination of the contract.

14. The Attorney shall submit a list of active cases on the 5th day of each month during the term of appointment. This list shall further include a brief summary of the work done for the active case in the prior month. An active case is defined as a dependency case where permanency has not been achieved, a termination case that does not have a written order granting or dismissing the case, or a guardianship that has been petitioned but not yet granted.

15. The Attorney shall attend a minimum of six (6) hours of annual CLE training in the area of Juvenile Law, or any training recommended by the Court including but not limited to MD CANI and Court Improvement Initiative. The Attorney shall provide Superior Court Administrator with proof of training on an annual basis.

16. The Attorney shall review staffing notes from Zero to Three (ZTT), when applicable, in preparation for all hearings.

17. When the Attorney represents a child, the Attorney shall visit with the child in-person or virtually once a month unless the child is living outside of Douglas County. (Travel outside of the county must have prior approval by the Superior Court Administrator to be reimbursed in accordance with the contract terms.) Children outside of the county shall be contacted or visited at least every 60 to 90 days in person or virtually. Permissible means of contact shall include virtual meetings using available technology, phone calls and text messaging as is appropriate under the circumstances.

18. Attend Case Plan and/or Family Team Meetings as Attorney when the Department of Family and Children Services has a legal representative present at the meeting.

19. If applicable, the Attorney shall maintain frequent and consistent contact with the child's CASA (Court Appointed Special Advocate) prior to each hearing.

20. When serving as Guardian Ad Litem, the Attorney shall serve upon all counsel a written report at least five days before each review and permanency hearing. As Guardian Ad Litem, a request shall be made on the record to incorporate said report and request to enter said report into the Court's record unless any objection is sustained.

21. If Attorney represents the child, discuss and explain each stage of the proceedings to the child client in an age-appropriate manner and review orders arising from the hearing when the child has capacity to understand and will not suffer further harm from the discussion.

22. The Attorney is required to attend each stakeholder's meeting as scheduled by the Court and any other additional training facilitated by the Court on issues pertinent to representation in Juvenile Court, including but not limited to MD CANI and the Court Improvement Initiative.

2.

The Attorney shall be responsible for the representation of clients assigned to said Attorney by the Douglas County Juvenile Court Clerk's Office. The Attorney shall be responsible for handling the cases throughout the trial phase and thereafter during the first appeal phase, upon the following terms and conditions:

a. <u>Eligibility</u>: To be eligible for a contract for court-appointed legal representation, the Attorney shall: (1) be a member in good standing with the State Bar of Georgia; and (2) maintain professional liability insurance and provide proof of coverage to the Douglas County Board of Commissioners prior to execution of the contract and upon request of the Douglas County Board of Commissioners.

b. <u>Compensation</u>: The Attorney shall be paid a prorated sum based upon the rate of $65,000.00 per year commencing on the effective date of this contract, and payable biweekly thereafter during the term of this agreement. The Attorney shall be responsible for any taxes (including, without limitation, social security) which shall be

due on any sum paid to the Attorney by the County pursuant to this contract.

c. Terms of Contract: This contract shall be effective on February 1, 2026 (the "Effective Date") and shall expire on December 31, 2026. The Contract shall renew automatically for one-year consecutive terms. In the event that the Attorney and/or the County chooses to terminate the Contract, the Superior Court Administrator shall have the right to require the Attorney to complete any or all cases pending without further compensation to the Attorney for a period not to exceed sixty (60) days following the termination of the contract.

d. Termination of Contract: Attorney may terminate this Contract and the services of the Attorney at any time upon thirty (30) days written notice to the Superior Court Administrator. The County, through the Superior Court Administrator, may terminate this Contract and the services of the Attorney at any time but will use best efforts to provide thirty (30) days written notice to the Attorney.

e. Conflicts: Conflicts in representation shall include both legal conflicts and conflicts involving the Attorney's prior or current representation of the parents, another party, an alleged victim, the child, or a material witness. In the event of a conflict preventing the Attorney from representing the child and/or the parents, the Attorney shall notify the Court in writing within twenty-four (24) hours of the appointment and another Attorney shall be assigned to handle the appointment.

f. Experts and Court-Approved Expenses: County and Attorney agree that the expenses for expert witnesses, investigators and other Court-approved expenses shall be over and above the contracted amount for sums set forth herein and shall be subject to the approval of the appropriate court. The Attorney shall not incur any such expense without prior approval from the Court.

g. Stenographic Services and Transcripts: The County shall be responsible for all stenographic and transcription services incurred.

h. Assignment of duties: The Attorney may not assign his/her rights or duties in this contract nor shall any Attorney subcontract responsibilities herein to another Attorney, except as approved by this Court.

i. Removal: The Attorney may be immediately removed as a contracted Attorney and his/her rights hereunder terminated for

good cause. Good cause shall be defined as a failure to comply with the terms of this contract to an extent that the delivery of services is impaired, inadequate, not in compliance with best practice standards, or rendered impossible. The Attorney may be immediately removed if arrested, charged, and/or convicted of any crime on recommendation by the Superior Court Administrator. The Attorney may also be immediately removed, and his/her rights hereunder terminated on recommendation by the Superior Court Administrator after no less than three (3) complaints against the Attorney.

1. Complaint Protocol
   a) 1st complaint – Superior Court Administrator will e-mail a summary of the complaint to the Attorney.
   b) 2nd complaint – Superior Court Administrator will e-mail a formal letter with the nature of the complaint to the Attorney.
   c) 3rd complaint – Superior Court Administrator may make a recommendation of removal of the Attorney to the Board of Commissioners upon substantiation of the alleged complaints.

j. <u>Validity of Provisions:</u> The provisions of this contract are noncumulative and stand as independent covenants between the parties. Should any section or subsection be found void or invalid it shall not void or invalidate remaining sections and subsections provided the remaining sections and subsections can remain in effect without material prejudice to either party.

k. <u>Caseload</u>: There will be no contractually imposed limit to the number of cases assigned to the Attorney. (For FTC Attorneys, priority assignment will be given for cases that have entered the Family Treatment Court or cases that would otherwise qualify for participation in Family Treatment Court). The Court will consider a temporary pause in assignment of cases to an Attorney upon a showing of good cause. The Court may consider the pause of case assignment for the shortest time possible to achieve the good cause purpose.

l. Compensation: Beginning January 1, 2026, the Attorney shall be paid an additional $5,000.00 per year commencing and payable biweekly with the base compensation provided for in the Contract for Services. The additional compensation is as a result of the Attorney becoming a Child Welfare Law Specialist in February 2026. The Attorney shall be responsible for any taxes (including,

without limitation, social security) which shall be due on any sum paid to the Attorney by the County pursuant to this agreement.

**WHEREFORE,** the parties having set their hands and affixed their seals on the date first set out above, this contract becomes in full force and effect.

DOUGLAS COUNTY BOARD OF COMMISSIONERS
DOUGLAS COUNTY, GEORGIA

By: Dr. Romona Jackson Jones
Dr. Romona Jackson Jones, Madame Chairman

Date: 12/19/25

ATTORNEY

By: ______________________
Amber Walden

Date: 1/13/26

Ex. 2

**Sunday, March 15, 2026 at 10:36:25 AM Eastern Daylight Time**

---

**Subject:** Standing Order
**Date:** 2026 February 27, Friday at 3:42:30 PM Eastern Standard Time
**From:** Donna Wentz
**To:** GretchenMHoward@aol. com (GretchenMHoward@aol.com), Ashley Rogers, Sarah Steele, Amber Walden (waldenfamilylaw@gmail.com), Bianka, bonnie@binkleylawga.com, christy@draperlegal.com, Courtney Williams-Speed, Danielle Simpson, Daysha Scott, GRETCHEN PARALEGAL, Jana Evans (jlelegal@aol.com), Jill Wheatley, juvenilepublicdefenders, Kristi Wilson, Marcea O'Brien, Margaret Riley Schweizer, Michael Starosto, Ros Fortune, sabrina@sllawandmediation.com, SARA.S.BECKER@GMAIL.COM, Tim MacMillan, Travis Glahn
**CC:** Justin Ricks
**Attachments:** image001.png, stamp_Binder1 (46).pdf

Thank you,

DOUGLAS COUNTY
GEORGIA

**Donna Wentz**
*Chief Clerk*
**Douglas County Juvenile Court**

**P:** 770-920-7429
**E:** dwentz@douglascountyga.gov

**8700 Hospital Drive**
**Douglasville, GA 30134**

DouglasCountyGA.gov

IN THE JUVENILE COURT OF DOUGLAS COUNTY
STATEOF GEORGIA

ELECTRONICALLY FILED
CLERK OF JUVENILE COURT
DOUGLAS COUNTY, GEORGIA
2026 FEB 27 03:36 PM
DONNA WENTZ, CLERK
DOUGLAS COUNTY, GEORGIA

# STANDING RECUSAL ORDER

Re: Attorney Amber Denyse Walden

Effective immediately, and pursuant to Rule 2.11 of the Georgia Code of Judicial Conduct, I hereby enter the following Standing Recusal Order regarding the appearance of Attorney Amber Denyse Walden in all cases assigned to me now and in the future:

Attorney Amber Denyse Walden has appeared before me in multiple dependency and delinquency/CHINS matters. Recently, Ms. Walden subpoenaed me to testify as a witness in a 2015 dependency case wherein I served as counsel for the mother. Ms. Walden filed a pleading with the Court alleging that, as counsel, I either fraudulently or mistakenly submitted a written consent to permanent guardianship on the mother's behalf without the mother's knowledge, consent and appearance in court. In addition to subpoenaing me, Ms. Walden also subpoenaed current Douglas County Solicitor General Sonya Compton, who was counsel for the petitioner in the case. Consequently, this matter became public knowledge to those who work in the courthouse.

Contrary to these assertions, the transcript from the hearing in that case clearly indicates that the mother was present for the hearing and consented to the permanent guardianship on the record. Had Ms. Walden requested the written transcript from the hearing to verify information provided to her before the hearing, there would have been no need to subpoena me, a sitting judge of the court in which the permanent guardianship matter was initiated, as a witness. In doing so, Ms. Walden has created at the very least the potential for the appearance of partiality or bias in all cases before me in which she is counsel.

Rule 2.11(A) states in part "[j]udges shall disqualify themselves in any proceeding in which their *impartiality* might reasonably be questioned […]." To avoid the appearance of partiality or bias, I hereby recuse from presiding over any present or future case in which Attorney Amber Denyse Walden appears as counsel of record or otherwise participates.

**SO ORDERED** this 27th day of February, 2026.

TALIA J. NURSE
Associate Judge

Attachment – JQC Director's Opinion

**Judicial Qualifications Commission**
**State of Georgia**

| | |
|---|---|
| To: | Hon. Talia Nurse – Judge, Douglas County Juvenile Court |
| From: | JQC Director Courtney Veal |
| Re: | Request for Director's Opinion |
| Date: | February 27, 2026 |

---

Rule 28(A) of the Rules of the Judicial Qualifications Commission ("JQC") authorizes "[t]he Director and any other staff member designated by the Director to render…a Director's Opinion concerning his or her interpretation of the Georgia Code of Judicial Conduct ["Code" or "CJC"] as applied to a given state of facts." A Director's Opinion is the opinion of the Director and is intended to aid in interpretation and application of the Code. The below Opinion applies only to this inquiry; it does not establish a general standard, nor is it binding on the JQC Investigative Panel, the JQC Hearing Panel, or the Georgia Supreme Court.

You have requested a Director's Opinion regarding whether the CJC requires your recusal in cases where a certain attorney represents the interests of one of the parties involved in the proceeding. The subject attorney is appointed by the County, not the Juvenile Court, to represent parents in Juvenile Court cases, and currently has approximately ten cases pending before you. Recently, the attorney filed a motion in a 2015 Douglas County Juvenile Court case (not assigned to you) on behalf of a party that you represented several years ago in the case. Your representation of that party occurred several years before you assumed the Juvenile Court bench. In the motion, the attorney accused you of ethical misconduct during your prior representation of the party, which she claimed allegedly occurred during a hearing in the 2015 case. After filing her motion, the attorney served you with a witness subpoena for an emergency hearing in which she intended to present evidence and argument related to her allegations against you. The subpoena further commanded you to bring any and all records related to the 2015 case with you to the emergency hearing. The subpoena raised obvious concerns for you, including whether you would be forced to disclose information that was subject to the attorney-client privilege. Before the emergency hearing, it was discovered that there was a transcript of the hearing at issue in the 2015 case. A review of that transcript contradicted the attorney's allegations against you. The

emergency hearing proceeded, but you did not have to testify.[1] The subject attorney's motion was denied. Despite not testifying at the emergency hearing, the motion filed by the attorney and the hearing became public knowledge at the courthouse.

CJC Rule 2.11(A) requires judges to "disqualify themselves in any proceeding in which their impartiality might reasonably be questioned." "Impartiality" is defined in the CJC as the "absence of bias or prejudice…against a particular party…as well as maintenance of an open mind in considering issues that may come before a judge." *See* CJC, Terminology. Here, while there is currently no reason to believe that you would be unable to keep an open mind in considering issues that come before you in the subject attorney's cases, the Director is concerned that your impartiality might reasonably be questioned in the attorney's cases given the attorney's recent attacks on your integrity in a court filing and hearing. Georgia's appellate courts have consistently reminded us that when considering recusal, "[t]he operative question is whether a fair-minded and impartial person would have a reasonable perception of a judge's lack of impartiality based upon objective facts…" A&M Hospitalities, LLC v. Alimchandani, 363 Ga. App. 531, 542 (2022).

Based on the facts presented in your inquiry, including the recentness of the motion and emergency hearing, it is the Director's Opinion that from the perspective of a reasonable, impartial person, your impartiality might reasonably be questioned in cases where the subject attorney represents a party before you. As such, because the CJC requires judges to "avoid impropriety and *the appearance of impropriety* in all of their activities,"[2] the Director encourages you to voluntarily recuse yourself from all such cases in accordance with CJC Rule 2.11(A) and Uniform Juvenile Court Rule 17.7.

Should you have questions or concerns related to this Director's Opinion, please contact me at cveal@gajqc.gov or (470) 881-3002.

---

[1] The Douglas County Juvenile Court bench recused from the case in light of the allegations against you, and a juvenile court judge from outside of Douglas County presided over the hearing.

[2] *See* CJC, Canon 1. (Emphasis added).

Ex. 3

**SUPERIOR COURT**
DOUGLAS JUDICIAL CIRCUIT
DOUGLASVILLE, GEORGIA 30134

**Cynthia C. Adams**, Chief Judge

March 24, 2026

Amber D. Walden, Esq.
The Walden Law Firm, LLC
2870 Peachtree Road, NW, #877
Atlanta, GA 30305
Email: amber@thewaldenlawfirm.com

Dear Attorney Walden,

I am in receipt of your letter/Complaint and Request for Investigation Against Douglas County Juvenile Court Associate Judge Talia J. Nurse, dated February 7, 2026. The letter was emailed directly to my Case Manager, and the Court Administrator on March 7, 2026. A copy of the letter was delivered to me the following day. The Complaint was addressed to me, Mr. Ricks, the County Administrator, and the Board of Commissioners. As such, I will copy those individuals on this response, as well as Director Courtney Veal of the Judicial Qualifications Commission of Georgia.

I am replying to your letter in my capacity as the Chief Judge of the Superior Court, and because the matter was addressed to me.

In your Complaint you have requested that myself, as Chief Judge, the County Commissioners, and the Court Administrator, conduct an investigation into certain alleged actions of Associate Juvenile Court Judge Talia J. Nurse, who has recused from any cases where you are counsel of record, whether retained or appointed. I will note that even though the letter primarily speaks of Judge Nurse, you also mentioned Chief Judge Michelle Harrison, and made comments regarding their actions collectively. Specifically I cite to your letter that says "I assert that the fact that Chief Judge Harrison and Associate Judge Nurse let the matter convene on March 4th with all involved being present and ready to go forward--including attorneys, parents, case managers, foster parents, CASA, etc.-- exhibits a level of insensitivity that exceeds even **the customary thoughtlessness of these judges when issuing orders to continue hearings,** without warning and without input from the attorneys or parents." See the Complaint and Request for Investigation, page 4. For this reason, this

response is applicable to both juvenile court judges, and any judge's action that causes concern to any party.

In your Complain, your request is for "each entity receiving this complaint to take steps to exercise its individual authority and powers to launch a full investigation of Associate Judge Nurse." Although the Superior Court appoints the juvenile court judges, the Judicial Qualifications Commission is the sole entity with the authority to conduct an investigation. O.C.G.A. § 15-1-21(a) provides that "[p]ursuant to Article VI, Section VII, Paragraph VI of the Constitution, there is hereby created the Judicial Qualifications Commission, which shall have the power to discipline, remove, and cause involuntary retirement of judges in accordance with such Paragraph. As used in this Code section, the term "commission" means the Judicial Qualifications Commission."

Therefore, neither the Superior Court, even in my capacity as the Chief Judge, Mr. Ricks, the Court Administrator, who works under the supervision of the Chief Judge of the Superior Court, nor the county Board of Commissioners have the authority to conduct an investigation in this matter.

I wanted to take the time to address your concerns in a diligent and comprehensive manner, so I apologize for the delay in responding. I am also forwarding a copy of a Memorandum that I have prepared in my capacity as the Chief Judge, and my obligation to oversee that the judicial system, meaning all courts, in Douglas County continue to service our community with judicial equity, fairness and efficiency.

Sincerely,

Cynthia C. Adams, Chief Judge,
Douglas County Superior Court

Copied via email:
Director Courtney Veal, Judicial Qualifications Commission
Chief Judge Michelle Harrison, Douglas County Juvenile Court
Associate Judge Talia Nurse, Douglas County Juvenile Court
Chairman Romona Jackson-Jones, Douglas County Commission
Vice-Chair Mark Alcarez, Douglas County Commission
Commissioner Henry Mitchell, Douglas County Commission
Commissioner Whitney Kenner Jones, Douglas County Commission
Commissioner Martin Raxton, Douglas County Commission
Dr. David Corbin, Douglas County Administrator
Tiffany Stewart-Stanley, Assistant County Administrator
L'Erin Wiggins, Douglas County Attorney
Justin Ricks, Court Administrator
Amber D. Walden, Esq, Contract Attorney

**Memorandum Regarding Juvenile Court Judges, Attorney Contracts and Recusal**

**From:** Chief Judge Cynthia C. Adams
**To:** Douglas County Juvenile Court Judges, Douglas County Board of Commissioners, Douglas County Administrator
**Cc:** Judicial Qualifications Commission Director, Court Administrator
**Date:** March 24, 2026

This memorandum is provided as an informational document related to the issues that have arisen involving Douglas County Attorney Contracts, the Court Administrator, the Juvenile Court Judges, and recusals.

**Court Administrator and Juvenile Court Attorney Contracts**

Douglas County Juvenile Court has historically used contract attorneys to represent parties in cases that appear before the court. Prior to December 2025, the Juvenile Public Defenders Office was responsible for administering the contracts. This responsibility was transferred from the Juvenile Public Defender (JPD) to the Court Administrator after the JPD expressed concerns about her office overseeing the attorney contracts. It is important to note that (1) all the attorney contracts are contracts between the contract attorney and the county and (2) all the attorney contracts that are currently in place were auto-renew contracts that were previously negotiated without the Court Administrator's involvement. The Court Administrator is supervised by the Chief Judge of the Superior Court. However, regarding the appointment of attorneys on cases pending before the juvenile court, that responsibility remains with the clerk of the juvenile court pursuant to the court's case assignment process.

**Juvenile Court Cases, Judge Recusals and the Effect on Pending Cases**

Douglas County currently has two juvenile court judges. To move cases expeditiously and efficiently through the court, the Chief Juvenile Court Judge has appointed Judge Pro Tems and use the services of senior judges. The use of these additional judges will be discussed in more details below. After receiving an opinion from the Director of the Judicial Qualifications Commission, Juvenile Court Judge Talia J. Nurse recused from any and all cases involving Attorney Amber Walden, who currently holds an attorney contract with Douglas County.

Because (1) we are a two-judge circuit, (2) at issue are over twenty cases involving children and families, and (3) there is a timeliness component that is so vital to juvenile proceedings, the effect of Judge Nurse's recusal is not one that results in a simple issue for the county. See Uniform Juvenile Court Rule 17.4 that explains the procedure upon a motion for disqualification (which includes voluntary recusal). In addition, as to appointment of another judge in place of a judge who has been recused, pursuant to Uniform Juvenile Court

Rule 17.5, that judge "shall not select nor participate in the selection of the judge assigned to hear further proceedings in the involved action."

As previously mentioned, the bench of the Douglas County Juvenile Court is composed of two judges. One judge has recused, and the second has sought the opinion of the Director regarding allegations that were made in the most recent letter, specifically "I assert that the fact that Chief Judge Harrison and Associate Judge Nurse let the matter convene on March 4th with all involved being present and ready to go forward--including attorneys, parents, case managers, foster parents, CASA, etc.-- exhibits a level of insensitivity that exceeds even **the customary thoughtlessness of these judges when issuing orders to continue hearings,** without warning and without input from the attorneys or parents." See the Complaint and Request for Investigation, page 4. This statement implies a customary or on-going "thoughtlessness" related to both judges. Where the impartiality of a judge is questioned, the judge must address the concern, in order to maintain the integrity of the judicial system. To support recusal of a judge, no actual impartiality need be shown because it is enough that the judge's impartiality might reasonably be questioned. Code of Jud.Conduct, Canon 3(E)(1). If both judges recuse from all of the cases where Amber Walden is counsel, neither of these judges may take any further action in these cases including reassigning those cases to another judge, whether that judge is a pro tempore or a senior judge. The unintended consequence could be catastrophic to our Juvenile Court and the families we serve.

**<u>Douglas County Juvenile Court Judges, Judge Pro Tem and Senior Judges</u>**

Where Juvenile Court Judges have recused, with respect to judges pro tempore, O.C.G.A. § 15-11-62(a) provides that "[i]n the event the judge of the juvenile court is absent or unable to make such appointment, the judge of the superior court of that county may so appoint." This statute does not allow the court administrator, who is not a judge, to appoint a judge to a case.

As to the appointment of a judge pro tempore by the superior court, it is problematic here where Counsel Walden is assigned to more than one case. The Georgia Code of Judicial Conduct provides that "[a] judge pro tempore is a person, usually a practicing attorney, who is not otherwise a part-time judge, who is appointed to serve during any calendar year for a specific case or trial calendar, and who thereby serves as a judge temporarily *rather than on a periodic or continuing basis*." GA R CJC Application (B). The rationale for a judge pro tempore serving only on a temporary basis is supported by subsection (B)(3) of the Georgia Code of Judicial Conduct. That subsection provides that "[a]fter a second designation, together with actual performance of judicial functions in a particular court as a judge pro tempore, as well as during any period when performing judicial functions as a judge pro tempore, *such a judge pro tempore becomes ineligible to practice law during the remainder*

*of the calendar year in the court served as a judge pro tempore*, while remaining eligible to serve as a judge on subsequent occasions." GA R CJC Application (B)(3).

Accordingly, the appointment of a judge pro tempore to handle a regular rotating basis is not advisable.

With respect to the appointment of a senior judge, appointment would also be problematic. In some counties, such as Cobb County, senior judges are judgeships created through passage of local law by the Georgia General Assembly and signed by the Governor and then funded by the county on either a full-or part-time basis.

This is not the situation in Douglas County. While a senior judge would be paid by the county pursuant to O.C.G.A. § 15-11-62(b), senior judges such as those appointed in Douglas County cases are judges that do not reside in Douglas County. They are as such inter-county appointments made by the Seventh Judicial Administrative District pursuant to O.C.G.A. § 15–1–9.1(b)(1). The appointments are temporary in nature and "do[] not mean an indefinite appointment of a judge [, whether by one order or through] "a succession of assignment orders that, taken together, amounts to an indefinite appointment." *Hicks v. State*, 231 Ga. App. 552, 556, 499 S.E.2d 341, 345 (1998), overruled as to intra-county appointments by *Lewis v. McDougal*, 276 Ga. 861, 583 S.E.2d 859 (2003) citing *Cramer v. Spalding County,* supra at 573, 409 S.E.2d 30 and quoting *Massey v. State*, 265 Ga. 632, 458 S.E.2d 818 (1995), disapproved of as to intra-county appointments by *Lewis v. McDougal*, 276 Ga. 861, 583 S.E.2d 859 (2003).

Temporary is the key because indefinite appointments create judgeships, which is the province of the Georgia General Assembly. Therefore, appointment here of a senior judge who does not reside within Douglas County to handle a regular rotating case load, such as the case load our juvenile judges preside over now would contravene O.C.G.A. § 15–1–9.1(b)(1).

With respect to intra-county appointments of senior judges, it is governed by O.C.G.A. § 15–1–9.1(b)(2)(A), (D) and (E). Subsection A speaks to judges who are disqualified "in any matter." This seems to mean a case, not a case load.

Subsection (D) applies to where "[a] majority of the judges of the requesting court determines that the business of the court requires the *temporary* assistance of an additional judge or additional judges." The inclusion of "temporary" would seem to mean the same as applied to inter-county requests discussed above.

Finally, subsection (E) provides that appointment of a senior judge where "[a] majority of the judges of the requesting court determines that the business of the court requires the permanent assistance of an additional judge or additional judges."

However, there seems to be a time and scope limitation for "permanent assistance" requests by a juvenile court because the subsection goes on to explicitly provide that "[i]f the *requesting court is a state or superior court*, the assisting judge or assisting judges may hear and decide matters otherwise in the exclusive jurisdiction of the state or superior court *without regard to time, type of case, or limitations contained in the rules of such state or superior court*[.]" As such, it would appear that intra-county permanent assistance requests for the juvenile court are likely limited in the same manner as inter-county requests are.

Moreover, similar to attorneys appointed as judges pro tempore who have limitations on the amount of time they can work, senior judges who are paid a retirement by the State have a yearly limitation as to the amount of hours (1,040) they can work so as not to impact their retirement benefits. See O.C.G.A. § 47-23-109(c).

There may be a federal limitation as to the amount of earnings on an annual basis so as not to reduce payment of Social Security. For all of the above reasons, appointment of a senior judge to handle a regular rotating case load is not advisable.

**<u>Conclusion</u>**

The Douglas County Juvenile Court judges are in a predicament that requires an opinion and direction from me as the Chief Judge, who is responsible for the proper and efficient operations of our court system. Therefore, in order to resolve this conflict related to the case load currently assigned to Attorney Walden, and to facilitate these cases being heard by the court in a timely and efficient manner, with no delay, I am proposing the following:

1. All cases currently assigned to Attorney Walden will be evenly distributed and assigned to one of the other four contract attorneys currently handling cases with the Douglas County Juvenile Court.
2. The recusal, potential recusal, or disqualification of both juvenile court judges have created a situation where there would be an on-going conflict. The juvenile court cannot create a third judgeship to maintain a caseload for one attorney. Therefore, it is my opinion that the Juvenile Court Clerk must discontinue assigning cases to Attorney Walden.

Copied via email:
Director Courtney Veal, Judicial Qualifications Commission
Chief Judge Michelle Harrison, Douglas County Juvenile Court
Associate Judge Talia Nurse, Douglas County Juvenile Court
Chairman Romona Jackson-Jones, Douglas County Commission
Vice-Chair Mark Alcarez, Douglas County Commission
Commissioner Henry Mitchell, Douglas County Commission

Commissioner Whitney Kenner Jones, Douglas County Commission
Commissioner Martin Raxton, Douglas County Commission
Dr. David Corbin, Douglas County Administrator
Tiffany Stewart-Stanley, Assistant County Administrator
L'Erin Wiggins, Douglas County Attorney
Justin Ricks, Court Administrator
Amber D. Walden, Esq, Contract Attorney

## General Civil and Domestic Relations Case Filing Information Form

☑ Superior or ☐ State Court of Douglas County

**For Clerk Use Only**

Date Filed 11-11-2026 (MM-DD-YYYY) Case Number 26CV02335

**Plaintiff(s)**

WALDEN, AMBER D. Ms.

Last First Middle I. Suffix Prefix

**Defendant(s)**

NURSE, TALIA J. Hon.

RICKS, JUSTIN

MICHELLE, HARRISON G. Hon.

ADAMS, CYNTHIA C. Hon.

Last First Middle I. Suffix Prefix

Plaintiff's Attorney Walden, Amber D. Bar Number 141582 Self-Represented ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

__________ Case Number __________ Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

__________ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

# IN THE SUPERIOR COURT OF DOUGLAS COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 26CV02335

WALDEN, AMBER D. Ms.

**PLAINTIFF**

**VS.**

NURSE, TALIA J. Hon.
RICKS, JUSTIN
MICHELLE, HARRISON G. Hon.
ADAMS, CYNTHIA C. Hon.
JACKSON-JONES , ROMONA Dr.

**DEFENDANTS**

## SUMMONS

TO: NURSE, TALIA J. HON.

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

**Amber D. Walden**
**The Walden Law Firm, LLC**
**2870 Peachtree Road NW**
**#877**
**Atlanta, Georgia 30305**
**waldenfamilylaw@gmail.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 11th day of November, 2026.**

Clerk of Superior Court

Annetta D. Stembridge, Clerk
Douglas County, Georgia

**IN THE SUPERIOR COURT OF DOUGLAS COUNTY**
**STATE OF GEORGIA**

CIVIL ACTION NUMBER 26CV02335

WALDEN, AMBER D. Ms.

**PLAINTIFF**

**VS.**

NURSE, TALIA J. Hon.
RICKS, JUSTIN
MICHELLE, HARRISON G. Hon.
ADAMS, CYNTHIA C. Hon.
JACKSON-JONES , ROMONA Dr.

**DEFENDANTS**

**SUMMONS**

TO: MICHELLE, HARRISON G. HON.

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

**Amber D. Walden**
**The Walden Law Firm, LLC**
**2870 Peachtree Road NW**
**#877**
**Atlanta, Georgia 30305**
**waldenfamilylaw@gmail.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 11th day of November, 2026.**

Clerk of Superior Court

Annetta D. Stembridge, Clerk
Douglas County, Georgia

# IN THE SUPERIOR COURT OF DOUGLAS COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 26CV02335

WALDEN, AMBER D. Ms.

**PLAINTIFF**

**VS.**

NURSE, TALIA J. Hon.
RICKS, JUSTIN
MICHELLE, HARRISON G. Hon.
ADAMS, CYNTHIA C. Hon.
JACKSON-JONES , ROMONA Dr.

**DEFENDANTS**

## SUMMONS

TO: ADAMS, CYNTHIA C. HON.

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

**Amber D. Walden**
**The Walden Law Firm, LLC**
**2870 Peachtree Road NW**
**#877**
**Atlanta, Georgia 30305**
**waldenfamilylaw@gmail.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 11th day of November, 2026.**

Clerk of Superior Court

Annetta D. Stembridge, Clerk
Douglas County, Georgia

**IN THE SUPERIOR COURT OF DOUGLAS COUNTY**
**STATE OF GEORGIA**

CIVIL ACTION NUMBER 26CV02335

WALDEN, AMBER D. Ms.

**PLAINTIFF**

**VS.**

NURSE, TALIA J. Hon.
RICKS, JUSTIN
MICHELLE, HARRISON G. Hon.
ADAMS, CYNTHIA C. Hon.
JACKSON-JONES , ROMONA Dr.

**DEFENDANTS**

**SUMMONS**

TO: RICKS, JUSTIN

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

**Amber D. Walden**
**The Walden Law Firm, LLC**
**2870 Peachtree Road NW**
**#877**
**Atlanta, Georgia 30305**
**waldenfamilylaw@gmail.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 11th day of November, 2026.**

Clerk of Superior Court

Annetta D. Stembridge, Clerk
Douglas County, Georgia

**IN THE SUPERIOR COURT OF DOUGLAS COUNTY**
**STATE OF GEORGIA**

CIVIL ACTION NUMBER 26CV02335

WALDEN, AMBER D. Ms.

**PLAINTIFF**

**VS.**

NURSE, TALIA J. Hon.
RICKS, JUSTIN
MICHELLE, HARRISON G. Hon.
ADAMS, CYNTHIA C. Hon.
JACKSON-JONES , ROMONA Dr.

**DEFENDANTS**

**SUMMONS**

TO: JACKSON-JONES , ROMONA DR.

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

**Amber D. Walden**
**The Walden Law Firm, LLC**
**2870 Peachtree Road NW**
**#877**
**Atlanta, Georgia 30305**
**waldenfamilylaw@gmail.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 11th day of November, 2026.**

Clerk of Superior Court

Annetta D. Stembridge, Clerk
Douglas County, Georgia

# SHERIFF'S ENTRY OF SERVICE

DOUGLAS County, Georgia

Civil Action No. 26CV02335
Date Filed 11/11/26 03:48 PM

Superior Court [X]
State Court [ ]

Attorney's address and email

Walden, Amber D.
The Walden Law Firm, LLC
2870 Peachtree Road NW
#877
Atlanta, GEORGIA 30305-
waldenfamilylaw@gmail.com

WALDEN, AMBER D. Ms.

Plaintiff(s)

NURSE, TALIA J. Hon.; RICKS, JUSTIN ; MICHELLE,
HARRISON G. Hon.; ADAMS, CYNTHIA C. Hon.;
JACKSON-JONES , ROMONA Dr.

Defendant(s)

Garnishee

Name and address of party to be served

ADAMS, Hon. CYNTHIA C.
8700 Hospital Drive
Douglasville, GEORGIA 30134

☐ **(PERSONAL)** I have this day served the defendant(s) ______________________ personally with a copy of the within action and summons and complaint.

☐ **(NOTORIOUS)** I have this day served the defendant(s) ______________________ by leaving a copy of the action and summons and complaint at defendant's most notorious place of abode in this county.
I delivered the summons and complaint into hands of ______________________ described as follows: Age, about ______ years; weight, about _____ pounds; height, about ____ feet and ____ inches, domiciled at the residence of defendant(s).

☐ **(CORPORATION)** Served the defendant(s) ______________________, a corporation, by leaving a copy of the within action and summons and complaint with ______________________ in charge of the corporation's office and place of doing business of said corporation in this county.

☐ **(TACK & MAIL)** I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

☐ **(NON EST)** I made a diligent search, and I did not find the defendant(s) ______________________ in the jurisdiction of this Court.

This ______ day of ____________________, 20_____.

______________________
Deputy Sheriff

Civil Action No. 26CV02335

Date Filed 11/11/2026

Superior Court

Georgia, Douglas County

Plaintiff's / Attorney's Address:

AMBER D. WALDEN

2870 PEACHTREE ROAD NW #877

ATLANTA, GA 30305

AMBER D. WALDEN

Plaintiff

VS.

CYNTHIA C. ADAMS

Defendant

Name and Address of Party to be Served:

CYNTHIA C. ADAMS

8700 HOSPITAL DRIVE

DOUGLASVILLE, GA 30134

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

PERSONAL

☐ I have this day served the defendant ______________________ personally with a copy of the within action and summons.

NOTORIOUS

☐ I have this day served the defendant ______________________ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ______________________ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

CORPORATION

☐ Served the defendant ______________________, a corporation by leaving a copy of the within action and summons with ______________________ in charge of the office and place of doing business of said Corporation in this County.

TACK & MAIL

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copyof same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST

☐ Diligent search made and defendant ______________________ not to be found in the jurisdiction of this Court.

This ______________ day of __________, 20____ .

______________________

DEPUTY

SHERIFF DOCKET __________ PAGE __________

CSC-2 Rev.85

Civil Action No. 26CV02335

Date Filed 11/11/2026

Superior Court

Georgia, Douglas County

Plaintiff's / Attorney's Address:

AMBER D. WALDEN

2870 PEACHTREE ROAD NW #877

ATLANTA, GA 30305

AMBER D. WALDEN

Plaintiff

VS.

HARRISON G. MICHELLE

Defendant

Name and Address of Party to be Served:

HARRISON G. MICHELLE

8700 HOSPITAL DRIVE

DOUGLASVILLE, GA 30134

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

PERSONAL

☐ I have this day served the defendant ______________ personally with a copy of the within action and summons.

NOTORIOUS

I have this day served the defendant ______________ by leaving a copy of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of ______________ described as follows: age, about ____ years; weight, about ____ pounds; height, about ____ feet and ____ inches, domiciled at the residence of defendant.

CORPORATION

☐ Served the defendant ______________, a corporation by leaving a copy of the within action and summons with ______________ in charge of the office and place of doing business of said Corporation in this County.

TACK & MAIL

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copyof same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST

☐ Diligent search made and defendant ______________ not to be found in the jurisdiction of this Court.

This ______________ day of ______________, 20____ .

______________
DEPUTY

SHERIFF DOCKET ______________ PAGE ______________

CSC-2 Rev.85

Civil Action No. 26CV02335

Date Filed 11/11/2026

Superior Court

Georgia, Douglas County

Plaintiff's / Attorney's Address:

AMBER D. WALDEN

2870 PEACHTREE ROAD NW #877

ATLANTA, GA 30305

AMBER D. WALDEN
Plaintiff

VS.

JUSTIN RICKS
Defendant

Name and Address of Party to be Served:

JUSTIN RICKS

8700 HOSPITAL DRIVE

DOUGLASVILLE, GA 30134

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

PERSONAL

☐ I have this day served the defendant ______________________ personally with a copy of the within action and summons.

NOTORIOUS

I have this day served the defendant ______________________ by leaving a copy of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of ______________________ described as follows: age, about____years; weight, about____pounds; height, about____feet and____inches, domiciled at the residence of defendant.

CORPORATION

Served the defendant ______________________, a corporation

☐ by leaving a copy of the within action and summons with ______________________ in charge of the office and place of doing business of said Corporation in this County.

TACK & MAIL

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copyof same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST

☐ Diligent search made and defendant ______________________ not to be found in the jurisdiction of this Court.

This______________day of__________, 20____.

______________________
DEPUTY

SHERIFF DOCKET__________ PAGE__________

CSC-2 Rev.85

Civil Action No. 26CV02335

Date Filed 11/11/2026

Superior Court

Georgia, Douglas County

Plaintiff's / Attorney's Address:

AMBER D. WALDEN

2870 PEACHTREE ROAD NW #877

ATLANTA, GA 30305

AMBER D. WALDEN

Plaintiff

VS.

ROMONA JACKSON-JONES

Defendant

Name and Address of Party to be Served:

ROMONA JACKSON-JONES

8700 HOSPITAL DRIVE

DOUGLASVILLE, GA 30134

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

PERSONAL

☐ I have this day served the defendant ______________________ personally with a copy of the within action and summons.

NOTORIOUS

I have this day served the defendant ______________________ by leaving a copy of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of ______________________ described as follows:

age, about_____years; weight, about_____pounds; height, about_____feet and_____inches, domiciled at the residence of defendant.

CORPORATION

☐ Served the defendant ______________________, a corporation

by leaving a copy of the within action and summons with______________________

in charge of the office and place of doing business of said Corporation in this County.

TACK & MAIL

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copyof same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST

☐ Diligent search made and defendant ______________________ not to be found in the jurisdiction of this Court.

This________________day of__________, 20____.

______________________

DEPUTY

SHERIFF DOCKET__________ PAGE__________

CSC-2 Rev.85

Civil Action No. 26CV02335

Date Filed 11/11/2026

Superior Court

Georgia, Douglas County

Plaintiff's / Attorney's Address:

AMBER D. WALDEN

2870 PEACHTREE ROAD NW #877

ATLANTA, GA 30305

AMBER D. WALDEN

Plaintiff

VS.

TALIA J. NURSE

Defendant

Name and Address of Party to be Served:

TALIA J. NURSE

8700 HOSPITAL DRIVE

DOUGLASVILLE, GA 30134

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

PERSONAL

☐ I have this day served the defendant ______________________ personally with a copy of the within action and summons.

NOTORIOUS

☐ I have this day served the defendant ______________________ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ______________________ described as follows: age, about ____ years; weight, about ____ pounds; height, about ____ feet and ____ inches, domiciled at the residence of defendant.

CORPORATION

☐ Served the defendant ______________________, a corporation by leaving a copy of the within action and summons with ______________________ in charge of the office and place of doing business of said Corporation in this County.

TACK & MAIL

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copyof same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST

☐ Diligent search made and defendant ______________________ not to be found in the jurisdiction of this Court.

This ____________ day of __________, 20____ .

______________________
DEPUTY

SHERIFF DOCKET __________ PAGE __________

CSC-2 Rev.85